**XUE SHENG JIA, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General & Immigration and Naturalization Service, Respondents.**

No. 04–4805–AG.

United States Court of Appeals, Second Circuit.

March 27, 2006.

Xue Sheng Jia, Danielson, Connecticut, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, David J. Kennedy, Assistant United States Attorney, Sarah S. Normand, Assistant United States Attorney, New York, New York, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 27th day of March, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED and the BIA's decision is AFFIRMED.

Petitioner Xue Sheng Jia, *pro se*, petitions for review of the BIA's decision denying his motions to reopen the proceedings and to reconsider the BIA's June 2004 denial of his first motion to reopen. We assume the parties' familiarity with the facts and procedural history of the case.

To the extent that Jia challenges the IJ's underlying order denying his application for relief, this Court lacks jurisdiction because Jia failed to file a timely petition for review of the BIA's February 2004 final order of removal. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89 (2d Cir.2001) (citing *Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)). Similarly, Jia's petition for review is not timely as to the BIA's June 2004 denial of his motion to reopen. *See id.*

Jia has filed a timely petition for review of the BIA's denial of his July 2004 motions to reopen and for reconsideration, which this Court reviews for abuse of discretion. *Id.* We find no such abuse, because as the BIA correctly concluded, Jia's July 2004 motion to reopen is his second such motion and, thus, procedurally barred. *See* 8 C.F.R. § 1003.2(c)(2). Additionally, the motion to reopen is time-barred, as it was filed more than ninety days after the BIA's final order of removal entered in February 2004. Further, the BIA did not abuse its discretion in denying Jia's motion for the BIA to reconsider its June 2004 denial of his first motion to reopen because the motion to reconsider failed to make any showing that the BIA's June 2004 decision was based on a legal or factual error.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).